UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>　　　Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. 02-CV-12490 REK |
| ROBERT AND KATHLEEN HAAG<br>　　　Defendants. | )<br>)<br>)<br>) | |
| ROBERT HAAG, and<br>KATHLEEN HAAG, | )<br>)<br>) | |
| 　　　Plaintiffs, | )<br>) | Civil Action No. 04-CV-12344 REK |
| vs. | )<br>) | |
| ROBERT MURPHY,<br>JOHN KEACH,<br>INTERNAL REVENUE SERVICE, AND<br>UNITED STATES OF AMERICA, | )<br>)<br>)<br>)<br>) | |
| 　　　Defendants. | )<br>) | |

LOCAL RULE 16.1(D) JOINT STATEMENT
FOR CIVIL ACTION NO. 04-CV-12344 REK

　　　Pursuant to Local Rule 16.1 (d), the parties submit this joint statement.

　　　**1.**　　Undersigned trial counsel for the parties, Timothy Burke for plaintiffs Robert Haag and Kathleen Haag (the "Haags")and Alejandro L. Bertoldo for defendant United States of America, held a telephonic conference on March 30, 2005 to discuss settlement and to prepare the report required by Fed. R. Civ. P. 16(b) and 26(f) and Local Rule 16.1.  The certifications required by Local Rule 16.1(d)(3) will be filed by the plaintiff and the defendant separately.

    2.    **Plaintiffs' Claims for Relief:**

The Haags seek a declaration that they were entitled to request a Collection Due Process Hearing ("CDP Hearing") when the release of liens for the tax liabilities for the years 1985 through 1991, and 1993 were revoked, an injunction granting such Collection Due Process Hearing and a judgment against certain IRS employees, individually, for damages allegedly resulting from the failure to hold the CDP Hearing. The Haags' position that a CDP Hearing was required is supported by no less than two opinions/rulings issued by the Internal Revenue Service and has apparently been accepted by the United States for the 1985 through 1991 years. The 1993 tax year remains at issue. Further, the Plaintiffs state that the United States' position relative to the *Bivens* counts is not supported by the law of the First Circuit (which found that its "doubtful" and no more relative to a *Bivens* claim originating from a tax matter in McMillen v. United States, 960 F2d 187 (1stCir. 1991) and the Third Circuit in Leveto v. Lapin, 258 F.3d 156 (3rd.Cir. 2001)).

    3.    **United States Defense:**

**Counts I, IV & V**: For the Notices of Federal Tax Lien filed against the Haags for their income tax liabilities for the years 1985 through 1991, the United States will send a substitute notice of the right to request a CDP hearing pursuant to IRC § 6320 and Treas. Reg. § 301.6320-1(a)(2) Q-A12 and A-A12. If the Haags request the CDP hearing, they will be provided with one in accordance with the Internal Revenue Code. Thus, the Haags' claims for a CDP hearing will be mooted except for the 1993 tax year, for which a Notice of Federal Tax Lien was refiled on June 30, 2004. Because the Federal Tax Lien for 1993 had not been previously released (as occurred for the 1985 through 1991 years), the Notice of Federal Tax Lien for 1993

was simply refiled and did not require the issuance of a CDP notice. *See* Treas. Reg. § 301.6320-1(a)(2) Q-A6 and A-A6 (providing that if a Notice of Federal Tax Lien is refiled on or after January 19, 1999, then § 6320(a)(1) does <u>not</u> require the IRS to notify the taxpayer of the refiling).

### Counts II & III

In any event, a judgment against Robert Murphy, acting in his capacity as a Compliance Technical Support Manager for the IRS, and John Keach, acting as Special Procedures Function Advisor for the IRS, under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) would be improper.

### Count VI

Attorneys fees are not appropriate in the case at bar.

4.  **Amendment of Pleadings**

The plaintiffs intend to file a motion to supplement the complaint after the requisite time period for filing a claim pursuant to IRC § 7433 passes. The Plaintiffs have demanded a jury trial. The United States contends that no issues triable to a jury are present. The United States intends to file a motion to dismiss the complaint.

5.  **Settlement**

The Plaintiff has not yet propounded a settlement proposal but will do so in seven days, and the Defendant will respond within seven days of receiving such proposal.

6.  **Proposed Discovery Plan:**

    a.  The Rule 26(a)(1) disclosures will be made in 21 days.

    b.  The parties do not believe any form of alternative dispute resolution would

       be useful.

    c.    It would not be helpful to conduct discovery in phases.

    d.    The parties do anticipate the need for experts.

    e.    Each side may serve up to 25 interrogatories

    f.    Each side may take up to 10 depositions.

**7.    Discovery Cut-Off**

All discovery shall be completed and all non-dispositive motions, other than motions directed to the conduct and procedures of any trial, served by September 3, 2005.

**8.    Dispositive motions and trial.**

    a    The parties will serve cross-motions for summary judgment and supporting briefs simultaneously no later than October 3, 2005, and may serve response briefs in support of their motions for summary judgment not later than October 31, 2005.

    b    The case will be trial ready by December 1, 2005.

Dated this April 1, 2005.

*Counsel For the Defendant*

/s/ Alejandro L. Bertoldo
Alejandro L. Bertoldo
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 307-6019
E-Mail: Alejandro.L.Bertoldo@usdoj.gov

*Counsel for the Plaintiff*

/s/ Timothy J. Burke (authorized by email)
Timothy J. Burke
Burke & Associates
400 Washington Street
Suite 303
Braintree, MA 02184
Phone: (781) 380-0770
E-Mail: Tim@burkelaw.us

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have caused the foregoing *Local Rule 16.1(d) Joint Statement for Civil Action No. 04-cv-12344 REK* to be electronically filed with the Clerk of the Court through the Court's CM/ECF system this April 1, 2005, with service to be made electronically on Timothy Burke.

                                            *Counsel For the Defendant*

                                            <u>/s/ Alejandro L. Bertoldo</u>
                                            Alejandro L. Bertoldo
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            Post Office Box 55
                                            Ben Franklin Station
                                            Washington, D.C.  20044
                                            Phone: (202) 307-6019
                                            E-Mail: Alejandro.L.Bertoldo@usdoj.gov