UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  vs.                                Civil Action No. 02-CV-12490 REK

**ROBERT AND KATHLEEN HAAG**
    **Defendants.**
_____

**ROBERT HAAG, and**
**KATHLEEN HAAG,**

      **Plaintiffs,**      Civil Action No. 04-CV-12344 REK

  vs.
**INTERNAL REVENUE SERVICE, AND**
**UNITED STATES OF AMERICA,**
    **Defendants.**
_____

## AMENDED COMPLAINT

Now come the Plaintiffs, Robert and Kathleen Haag, and complain of the Defendants, the Internal Revenue Service and the United States of America as follows.

## JURISDICTION

The Court's jurisdiction is provided by 28 U.S.C. Section 1331 for the Plaintiffs' claims pursuant to IRC § 7433 and their request for an injunction.  Jurisdiction is provided by 28 U.S.C. 2201 for the Plaintiffs' requests for Declaratory Relief.

## PARTIES

1. The Plaintiff Kathleen Haag ("Mrs. Haag") is an individual who resides at 25 Heath Row, Marstons Mills, MA 02648.

2. The Plaintiff Robert Haag ("Mr. Haag") is an individual who resides at 25 Heath Row, Marstons Mills, MA 02648.

3. The Defendant Internal Revenue Service is an agency of the United States.

4. The United States is a Defendant.

## FACTS

5. Mr. and Mrs. Haag filed tax returns reflecting the filing status of married filing jointly for all tax years at issue.

6. On or about September 6, 1991 the Internal Revenue Service (the "Service") assessed additional taxes against Mr. and Mrs. Haag for the tax years of 1985, 1986 and 1987 (the "additional assessments").

7. The additional assessments resulted from the Service's examination of Robert F. Haag and Associates, Inc. (the "corporation").

8. The corporation was solely held by Robert Haag. It carried on the trade or business of providing financial advice and financial products, including the sale of life insurance.

9. The Service determined that the corporation was a "nullity" and adjusted Mr. and Mrs. Haag's personal tax return

for 1984, 1985, 1986 and 1987 to reflect the operation of Mr. Haag's business.

 10. Mrs. Haag in signing the tax returns for 1984 through 1987 did not know nor did she have a reason to know that there was an understatement of tax.

 11. Mrs. Haag is a high school graduate and has no education in tax or financial matters.

 12. For all years at issue, Mrs. Haag has primarily been a homemaker.

 13. In signing the tax returns for the years of 1985 through 1993 Mrs. Haag had no reason to believe that the subject taxes would not be addressed.

 14. Mrs. Haag meets all of the criteria to qualify for the relief provided by Internal Revenue Code Section 6015.

 15. IRC Section 6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal belonging to such person."

 16. The federal tax lien arises upon the date of assessment and continues "until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time." IRC Section 6322.

17. IRC Section 6325(a) provides that the Secretary shall issue a certificate of release of any lien when the liability for the amount assessed is fully satisfied or legally unenforceable.

18. IRC Section 6325(f)(1)(A) further provides that where a certificate of release is "issued" pursuant to "this section" and is filed in the same office as the notice of federal tax lien to which it relates, such certificate is "conclusive that the lien referred to in such certificate is extinguished."

19. The Internal Revenue Service (the "Service") uses a "self-releasing" lien to effectuate a certificate of release.

20. The Notices of Federal Tax Lien filed against Mr. and Mrs. Haag's property were "self-releasing."

21. IRC Section 6325(f)(2) additionally provides that where a certificate of release is "issued erroneously or improvidently", the Secretary may revoke such certificate and reinstate the lien. The reinstated lien "shall have the same force and effect (as of such date)... as a lien imposed by section 6321 ... ." IRC Section 6325(f)(2)(B).

22. The filing of a notice of revocation does not reinstate the lien retroactively. Rather, the priority of the lien dates from that filing. <u>Regulation 301.6325-1(f)(2)(iii)(b)</u> and <u>Regulation 301.6325-1(b)(1)(ii)</u>.

23. The Service's record of filing liens against Mrs. Haag and its revocation of the self-release of these liens are as follows:

| Tax Period | Assessment Date | Last Refiling Date | Refiling Date |
|---|---|---|---|
| 1985 | 09/06/1991 | 10/06/2001 | 11/07/2003 |
| 1986 | 09/06/1991 | 10/06/2001 | 11/07/2003 |
| 1987 | 09/06/1991 | 10/06/2001 | 11/07/2003 |
| 1988 | 12/07/1992 | 01/06/2003 | 11/07/2003 |
| 1989 | 01/11/1993 | 02/16/2003 | 11/07/2003 |
| 1990 | 11/09/1992 | 12/09/2002 | 11/07/2003 |
| 1991 | 11/09/1992 | 12/09/2002 | 11/07/2003 |

24. In filing its revocation of its self-released liens the Service did not notify Mr. and Mrs. Haag of their statutory right to a hearing pursuant to Internal Revenue Code Sections 6320 and 6330 (hereinafter referred to as a "CDP Hearing").

25. At a CDP Hearing Mrs. Haag has a statutory right to raise her qualification for the relief provided by Internal Revenue Code Section 6015.

26. At a CDP Hearing Mr. Haag has a statutory right to request an Offer in Compromise.

27. On June 30, 2004, the Service refiled its lien against Mr. and Mrs. Haag for the 1993 tax year.

28. At the time that it refiled its lien for 1993 the Service did not provide Mr. and Mrs. Haag with an opportunity for a CDP Hearing.

## COUNT I
### (Declaratory Relief)

29.  Mr. and Mrs. Haag repeat and reallege the allegations of paragraphs 1 through 28 of their complaint as fully set forth herein.

30.  An actual controversy has arisen between Mr. and Mrs. Haag and the Defendants as to whether the United States has unlawfully violated their respective rights to a CDP Hearing.

31.  These disagreements between Mr. and Mrs. Haag and the Defendants necessitate a declaratory judgment to determine their right to a CDP hearing.

WHEREFORE Mr. and Mrs. Haag request:

1.  That the Court adjudicate the controversies which have arisen between the parties and make a binding declaration of the rights of the parties;

2.  That the Court determine that Mr. and Mrs. Haag are entitled to a CDP Hearing;

3.  For other and further relief that the Court deems just and proper.

## COUNT II
### (IRC § 7433 v. United States)

32.  Mr. and Mrs. Haag repeat and reallege the allegations of paragraphs 1 through 31 of their complaint as fully set forth herein.

33. Mr. and Mrs. Haag had a statutory right to a CDP Hearing.

34. Robert Murphy, at the times relevant hereto was the Acting Compliance Technical Support Manager for the Internal Revenue Service (the "Service"), which based upon information and belief had a business address of the John F. Kennedy Building, Boston, MA 02203, failed to notify Mr. and Mrs. Haag of their right to a CDP Hearing at the time that he reissued the liens against them.

35. John Keach, at the times relevant hereto was a SPF Advisor for the Service, which based upon information and belief, had a business address of the John F. Kennedy Building, Boston, MA 02203, failed to provide Mr. and Mrs. Haag with the notice required under IRC § 6320 at the time he refiled the lien against them.

36. IRC § 7433 states:

(a) IN GENERAL
If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

37. On October 25, 2004, the Haags filed a demand for relief pursuant to IRC § 7433. (Please see Exhibit 1.)

38. The United States failed to act on the Haags' demand.

WHEREFORE Mr. and Mrs. Haag demand judgment against the United States together with attorney's fees and costs.

## COUNT III
(Injunction)

39. Mr. and Mrs. Haag repeat and reallege the allegations of paragraphs 1 through 38 of their complaint as fully set forth herein.

40. The Defendants are properly ordered to provide the statutory notice and right to a CDP Hearing.

WHEREFORE Mr. and Mrs. Haag request:

1. That the Court issue an injunction compelling the Defendants to provide the statutory notice and right to a CDP Hearing.

## COUNT IV
(Injunction v. United States and Internal Revenue Service)

41. Mr. and Mrs. Haag repeat and reallege the allegations of paragraphs 1 through 40 of their complaint as fully set forth herein.

42. The United States and the Internal Revenue Service's ability to collect the tax assessments against Mr. and Mrs. Haag arise entirely from its knowingly violation of law.

43. The remedies available to Mr. Haag and Mrs. Haag are inadequate to provide them with relief from the United States and Internal Revenue Service's unlawful actions.

44. The Defendants' unlawful actions are sufficient to meet or create an exception to Internal Revenue Code Section 7421, which generally prohibits the entry of injunctions prohibiting collection.

WHEREFORE Mr. and Mrs. Haag request:

1. That the Court issue an injunction compelling the Internal Revenue Service to hold a CDP Hearing.

## COUNT V
### (Attorney's Fees)

45. The Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 44 of their complaint as fully set forth herein.

46. The Plaintiffs have incurred and continue to incur attorney's fees in this action. They are entitled to an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412 (b); IRC Sec. 7430 and IRC Sec. 7433.

WHEREFORE, for the foregoing reasons, the Plaintiffs pray this honorable Court for:

    a. Plaintiffs' attorney's fees and costs in this action to be paid by the Defendants pursuant to 28 U.S.C. Section 2412(b), IRC Sec. 7430; and, IRC Sec. 7433, and,

    b. Any and all other remedies that this honorable Court deems appropriate.

**Trial by Jury**

　　The Plaintiffs request a trial by jury for those issues so triable.

```
                                   Kathleen Haag and
                                   Robert Haag
                                   by their Attorney,

                                   /s/ Timothy Burke
                                   Timothy J. Burke
                                   Burke & Associates
                                   400 Washington Street
Dated: October 3, 2005             Braintree, MA 02184
                                   (781) 380-0770
```

**Certificate of Service**

　　I hereby certify that a true copy of the above document was served upon each attorney of record, via first class mail on October 3, 2005.

```
                                   /s/ Timothy J. Burke
                                   Timothy J. Burke
```