# BURKE & ASSOCIATES
## ATTORNEYS AT LAW

400 Washington Street, Suite 303, Braintree, MA 02184
Telephone (781) 380-0770   ■   Facsimile (781) 848-0330
www.burkelaw.us

October 25, 2004

<u>Via Certified and Regular Mail</u>
Technical Services Group Manager
Compliance Technical Support
Internal Revenue Service
PO Box 9112
Stop 20800
Boston, MA   02203

Re:   Kathleen Haag
      <u>SSN 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</u>

Dear Sir/Madam:

The above referenced taxpayer is filing this request for relief pursuant to Internal Revenue Code Section 7433 and Regulation Section 301.7433-1.

The taxpayer's name, current address and social security number are as follows:

> Kathleen Haag
> 25 Heath Row
> Marstons Mills, Massachusetts
> SSN: 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

The tax liability at issue is the personal income tax of Mrs. Haag for the years of 1985 through 1993.

1.   <u>Facts</u>

Kathleen Haag ("Ms. Haag") filed tax returns reflecting the filing status of married filing jointly for all tax years at issue.

On or about September 6, 1991 the Internal Revenue Service (the "Service") assessed additional taxes against Mrs. Haag for the tax years of 1985, 1986 and 1987 (the "additional assessments").

The additional assessments resulted from the Service's examination of Robert F. Haag and Associates, Inc. (the "corporation"). The corporation was solely held by Robert Haag who is the taxpayer's spouse.

1

**BURKE & ASSOCIATES**
ATTORNEYS AT LAW

Robert F. Haag and Associates, Inc. carried on the trade or business of providing financial advice and financial products, including the sale of life insurance.

The Service determined that the corporation was a "nullity" and adjusted Mr. and Mrs. Haag's personal tax return for 1984, 1985, 1986 and 1987 to reflect the operation of Mr. Haag's business.

Mrs. Haag in signing the tax returns for 1984 through 1987 did not know nor did she have a reason to know that there was an understatement of tax.

Mrs. Haag is a high school graduate and has no education in tax or financial matters. For all years at issue, Mrs. Haag has primarily been a homemaker.

Mrs. Haag meets all of the criteria to qualify for the relief provided by Internal Revenue Code Section 6015 for all years at issue.

I.R.C. Section 6321 provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal belonging to such person."

The federal tax lien arises upon the date of assessment and continues "until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time." I.R.C. section 6322.

I.R.C. Section 6325(a) provides that the Secretary shall issue a certificate of release of any lien when the liability for the amount assessed is fully satisfied or legally unenforceable.

I.R.C. Section 6325(f)(1)(A) further provides that where a certificate of release is "issued" pursuant to "this section" and is filed in the same office as the notice of federal tax lien to which it relates, such certificate is "conclusive that the lien referred to in such certificate is extinguished ... ."

The Internal Revenue Service uses a "self-releasing" lien to effectuate a certificate of release.

I.R.C. Section 6325(f)(2) additionally provides that where a certificate of release is "issued erroneously or improvidently", the Secretary may revoke such certificate and

2

BURKE & ASSOCIATES
ATTORNEYS AT LAW

reinstate the lien. The reinstated lien "shall have the same force and effect (as of such date)... as a lien imposed by section 6321 ... ." I.R.C. section 6325(f)(2)(B).

The filing of a notice of revocation does not reinstate the lien retroactively. The priority of the lien dates from that filing. Regulation 301.6325-1(f)(2)(iii)(b); Treas. Reg. section 301.6325-1(b)(1)(ii).

The Service's record of filing liens against Mrs. Haag and revoking its self-release of these liens is as follows:

| Tax Period | Assessment Date | Last Refiling Date | Refiling Date |
|---|---|---|---|
| 1985 | 09/06/1991 | 10/06/2001 | 11/07/2003 |
| 1986 | 09/06/1991 | 10/06/2001 | 11/07/2003 |
| 1987 | 09/06/1991 | 10/06/2001 | 11/07/2003 |
| 1988 | 12/07/1992 | 01/06/2003 | 11/07/2003 |
| 1989 | 01/11/1993 | 02/16/2003 | 11/07/2003 |
| 1990 | 11/09/1992 | 12/09/2002 | 11/07/2003 |
| 1991 | 11/09/1992 | 12/09/2002 | 11/07/2003 |

In filing its revocation of its self-released liens the Service did not notify Mrs. Haag of her statutory right to a hearing pursuant to Internal Revenue Code Sections 6320 and 6330 (hereinafter referred to as a "CDP Hearing").

The Service's counsel has opined that a CDP Hearing is required in circumstances such as Mrs. Haag's. (Please see attached.)

At a CDP Hearing Mrs. Haag has a statutory right to raise her qualification for the relief provided by Internal Revenue Code Section 6015.

The Service is without a legal basis for objecting to a claim that Mrs. Haag is an innocent spouse.

II. Law and Discussion.

Internal Revenue Code 7433(a) states

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

3

BURKE & ASSOCIATES
ATTORNEYS AT LAW

Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

Internal Revenue Code Section 6320(a) states:

(1) IN GENERAL

The Secretary shall notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323.

(2) TIME AND METHOD FOR NOTICE

The notice required under paragraph (1) shall be--

    (A) given in person,

    (B) left at the dwelling or usual place of business of such person, or

    (C) sent by certified or registered mail to such person's last known address, not more than 5 business days after the day of the filing of the notice of lien.

(3) INFORMATION INCLUDED WITH NOTICE

The notice required under paragraph (1) shall include in simple and nontechnical terms--

    (A) the amount of unpaid tax,

    (B) the right of the person to request a hearing during the 30-day period beginning on the day after the 5-day period described in paragraph (2),

    (C) the administrative appeals available to the taxpayer with respect to such lien and the procedures relating to such appeals, and

    (D) the provisions of this title and procedures relating to the release of liens on property.

The Service knowingly and recklessly failed to give Mrs. Haag the required notice (and hearing). This failure has left Mrs. Haag responsible for tax in excess of One Million Seven Hundred Thousand Dollars ($1,750,000.).

4

**BURKE & ASSOCIATES**
ATTORNEYS AT LAW

    Therefore Mrs. Haag is requesting damages to the statutory maximum of One Million Dollars ($1,000,000.).

    III. <u>Conclusion.</u>

    The Service's knowing and reckless failure to meet the requirements of Internal Revenue Code Section 6320 requires it to pay to the taxpayer's damages in the sum of One Million Dollars ($1,000,000.).

    If you have any questions or require additional information, kindly contact us.



Very truly yours,

Timothy Burke

cc. Client
    Alex Bertoldo

