UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

**UNITED STATES OF AMERICA**
      Plaintiff,

   vs.                           Civil Action No. 02-CV-12490 WGY

**ROBERT AND KATHLEEN HAAG**
      Defendants.
_____

**ROBERT HAAG, and**
**KATHLEEN HAAG,**

      Plaintiffs,       Civil Action No. 04-CV-12344 WGY

   vs.

**INTERNAL REVENUE SERVICE, AND**
**UNITED STATES OF AMERICA,**
      Defendants.
_____

**THE PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR ARGUMENT
THAT NOTICE WAS NOT GIVEN**

**I.   Procedural Background**

The United States brought an action against Robert and Kathleen Haag (hereinafter collectively referred to as the "Haags") requesting that the Court enter a judgment against them for the taxes which it alleged are owed.

Kathleen Haag ("Mrs. Haag") defended against the United States' claim by claiming that she was entitled to relief provided by IRC Section 6015. She filed a Motion for Summary Judgment requesting that the Court grant her relief. The United States did not oppose her motion on substantive grounds but

solely on the basis that she was not allowed to file her claim as an affirmative defense. The Court found for the United States and against Mrs. Haag.

Thereafter, the Haags filed a Complaint which alleged that the United States and two of its employees violated their rights in failing to notify them of the rights provided by IRC §§ 6320/6330 when a lien was filed against them in November of 2003.

At a conference held on April 5, 2005 the United States agreed with the position maintained by the Haags. It agreed to provide them with the hearing required by IRC §§ 6320/6330.

The United States sent the notices required by IRC §§ 6320/6330 on or about April 13, 2005. The Haags timely requested the hearings provided for by IRC §§ 6320/6330.

A Collection Due Process hearing was scheduled and a face to face conference was held on August 3, 2005. (Please see Transcript of the December 15, 2005 hearing (hereinafter referred to as "Dec.Tr.") at page 6, lines 8-9)(The entire transcript has been included herein as Exhibit 1. Counsel wishes the Court to note that this transcript was received in an email on July 21, 2006. It was "cut and paste" from the email to Microsoft Word. There are no apparent omissions resulting from the conversion of the document.) As of this date, the hearing remains open.

The successor counsel to the United States' initial counsel thereafter alleged he discovered information which showed that

the Haags had been provided with the notice required by IRC §§ 6320/6330 on or about November 21, 2003. (Dec.Tr. at page 4, lines 9 through 16) This information will be hereinafter referred to as the "Letters". Motions to Dismiss and for Summary Judgment were filed by the United States which claimed that the Letters established that the Haags had received notice on or about November 21, 2003. The United States also argued that evidence which it received from the United States Post Office supported its position, that the Letters had been sent to the Haags. (Dec.Tr. at page 5, lines 2-3)

On December 15, 2005 a hearing was held on the United States Motion to Dismiss and its Motion for Summary Judgment. The Haags did not dispute the United States allegations that money was owed. (Dec.Tr. at page 8, line 5-8).

The Haags arguments included[1] that there was an inconsistency in the United States' records. In particular, the Haags argued that the United States' record(s) of account (commonly referred to as "transcripts") did not reflect the issuance of the notices required by IRC §§ 6320/6330. ("Dec.Tr. at page 9, lines 21 through 25, page 10, lines 1-25)

The United States' transcripts were provided to the Court in conjunction with its Opposition to Kathleen Haag's Motion for

---

[1] As of December 15, 2005, the Haags had not received a copy of the transcript of the hearing wherein the United States agreed with the Haags position.

Summary Judgement.

The Court found that the Haags were to be allowed to conduct discovery on the issue of the notice allegedly sent to the Haags. (Dec.Tr. at page 16, line 15)

The Court also ruled that the Letters were insufficient to constitute notice. (Please see Clerk's notes attached hereto as Exhibit 2.)

A deposition of the United States pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure was conducted on June 27, 2006.

## II.   Facts

In the Deposition of the United States conducted on June 27, 2006, the United States designee, Laura Martin, made the following admissions.

1.  The United States does not know whether the Letters were sent. (Deposition Transcript (hereinafter "Depo.Tr.") at page 13, lines 5-7 & 8-21, pages 25 1-14.)(The Deposition Transcript is attached hereto as Exhibit 3.)

2.  Who (if anyone) placed the Letters into envelope(s). (Dep.Tr. at page 13, lines 5-21.)

3.  The United States does not know the name of the person, if any, who may have mailed the Letters.(Dep.Tr. at page 14, lines 2-9, at page 29, lines 1-10.)

4.  The United States does not know whether an error has

ever been made with the printing of a Form 3172 (the Letters are designated as Forms 3172). (Dep.Tr. at page 16, lines 22-24, page 17, lines 1-3, 21-24, page 18 lines 1-14.)

    5.   The United States does not know whether a copy of the Federal Tax Lien was sent to counsel as required. (Dep.Tr. at page 18, lines 15-24, at page 19, lines 1-22.)

    6.   The United States does not know if a Form 3172 was sent to the Haags' counsel as required. (Dep.Tr. at page 19, lines 23-24, at page 20, lines 1-20.)

    7.   The United States did not keep a copy of the Letters. (Dep.Tr. at page 25, lines 15-24, page 26, lines 1-24, page 27 lines 1-21.)

    8.   The United States has two systems which keep record of its collection activity as it relates to the filing of a Notice of Federal Tax Lien. The ALS system which allegedly records the issuance of a lien and the IDRS system which includes more extensive account information for a taxpayer. (Dep.Tr. at page 19, lines 1-11, page 32, lines 1-24, page 33 lines 1-24.)

    9.   If the Letters were mailed, that information should be reflected on the IDRS system. (Dep.Tr. pages 51 & 52.)

    10.   The United States' IDRS system does not include any reference to the issuance of the Letters. (Dep.Tr. at page 35, lines 1-5.)(Please see Exhibit 2 of the Deposition attached hereto as Exhibit 2, as well as the transcripts filed by the

3

United States with its Opposition to Kathleen Haag's Motion for Summary Judgment.)

    11.   The United States does not have any knowledge as to why Notices of April 13, 2005 (which contain the same information the Letters) were sent. (Dep.Tr. at page 39, lines 6-23, page 40, page 41, lines 1-22.)

    12.   The United States cannot prove that the Letters were printed on November 21, 2003. (Dep.Tr. at page 48, lines 7-18.)

    13.   If an envelope or envelopes were sent to the Haags on November 21, 2003, the Service does not have any proof as to what was in the envelope. (Dep.Tr. at page 49, lines 20-24, page 50, lines 1-17.)

    14.   That the United States was familiar with the Notice of Deposition and did not produce the addresses of John Keach and John Murphy. (Dep.Tr. at page 9, lines 2-11.)

    15.   That the United States believed that John Keach may have knowledge as to the Letters and the Notices of April 13, 2005. (Dep.Tr. at page 12, lines 14-19)

    Additionally, Exhibits 5 through 13 attached to the United States Motion for Summary Judgment filed on or about November 1, 2005 (which are numbered as pages 116 through 174) state that the information contained therein appears in the Official Records of the Internal Revenue Service. These records appear to reflect the same information as is contained in Exhibit 2 of the Deposition

conducted on June 27, 2006.

Also, the United States represented to the Court that it could bring in Mr. Keach and Mr. Murphy. (Dec.Tr. at page 19, line 19-24.)

**III. Law and Discussion**

The United States must provide written notice to a taxpayer that it filed a notice of lien within five days of the filing on the notice of lien. IRC § 6320(a)(1)&(2). This notice must inform the taxpayer of the amount of unpaid tax and the right to request a collection due process hearing ("CDP Hearing"). IRC § 6320(a)(3). The notice can be given in person, left at the dwelling or usual place of business of the taxpayer and sent by certified or registered mail to the taxpayer's last known address. IRC § 6320(a)(2).

The Internal Revenue Code does not include any apparent reference as to whether a presumption does or does not arise of the delivery of notice by mail.

Accordingly, it is assumed herein that the precedents governing the presumption of the delivery of mail are applicable to this matter.

In Godfrey v. United States, 997 F.2d 335 (7th Cir.1993)[2]

---

[2] There is not an apparent precedent from the First Circuit Court of Appeals which discusses the issue of the presumption of delivery as it relates to a mailing by the Internal Revenue Service.

5

the Seventh Circuit Court of Appeals considered the issue of whether the Internal Revenue Service mailed a refund check to a taxpayer. The Court stated as follows:

> At the same time, we recognize, as did the court in *Doolin*, that the government is entitled to a rebuttable presumption of delivery upon presentation of evidence of proper mailing. Id. See also *Hagner v. United States*, 285 U.S. 427, 430, 52 S. Ct. 417, 419, 76 L. Ed. 861 (1932); *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir. 1981).*fn3 To invoke the presumption of delivery, the government could either present evidence of actual mailing such as an affidavit from the employee who mailed the check, or present proof of procedures followed in the regular course of operations which give rise to a strong inference that the check was properly addressed and mailed. *In re East Coast Brokers and Packers, Inc.*, 961 F.2d 1543, 1545 (11th Cir. 1992); *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (applying New York law); *Capital Data Corp. v. Capital Nat. Bank*, 778 F. Supp. 669, 675 (S.D.N.Y. 1991). See also 2 *DAVID W. LOUISELL & CHRISTOPHER B. MUELLER, FEDERAL EVIDENCE* § 159 (2d ed. 1985) (discussing the admission at trial of evidence of mailing). The government chose the latter form and submitted to the district court a computer transcript of the Godfreys' taxpayer account which reflected they were entitled to a refund as a result of the overpayment. The government asserts that the transcript, when afforded a presumption of regularity, establishes that the IRS mailed the original refund check.
>
> We do not believe the district court could properly find that this transcript--standing alone--establishes that the original refund check was deposited in the United States mail. The transcript contains an entry on June 4, 1990 in the amount of $279,323.00, with a corresponding explanation of "REFUND OF OVERPAYMENT." Looking at the June 4, 1990 entry in isolation, we cannot tell whether the entry indicates that the IRS determined the taxpayers were owed a refund or that a refund check was actually prepared, enclosed in an envelope, and mailed. The transcript also contains similarly vague entries corresponding to the cancellation of the original refund check and the issuance of a replacement.

For the rebuttable presumption to arise the United States must prove proper mailing of the subject letter. <u>Godfrey v. United States</u>, supra, <u>Barrs v. Lockheed Martin Corporation</u>, 287 F.3d 202 (1st Cir.2002) citing <u>In re Yoder Co.</u>, 758 F.2d 1114, 1118 (6th Cir. 1985).

The issue in the present matter is whether the United States mailed the notice required by IRC §§ 6320/6330 to the Haags on or about November 21, 2003. Here, there is evidence that the Service mailed **something** to the Haags on or about November 23, 2003.

The United States has not and apparently cannot produce an affidavit of the person who mailed something to the Haags on or about November 21, 2003. Accordingly, under <u>Godfrey</u>, the United States can only prove it mailed notice if there is "present proof of procedures followed in the regular course of operations which give rise to a strong inference that the [notice] was properly addressed and mailed."

> i. <u>The Procedures to be Followed in Sending Notice to the Haags are Not in the Normal Course of Operations.</u>

<u>Regulation 301.6320-1 (a)(2)</u> states as follows:

Q-A6. Will the IRS give notification to the taxpayer when a NFTL is refiled on or after January 19, 1999?

A-A6. No. Section 6320(a)(1) does not require the IRS to notify the taxpayer of the refiling of a NFTL. A taxpayer may, however, seek reconsideration by the IRS office that is collecting the tax or refiling the NFTL, an administrative hearing before the IRS Office of Appeals (Appeals), or assistance from the National Taxpayer Advocate.

7

The above regulation establishes that in those circumstances where a Notice of Tax Lien is refiled in a timely manner (the Notice of Lien was filed against the Haags in November of 2003 was not) that the United States does not sent the notice required by IRC §§ 6320/6330. The procedures to be filed in circumstances such as the present matter are more difficult to locate. Therefore, the procedures to be followed were not in the "regular course of business."

> ii. <u>Rule 803(7) of the Federal Rules of Evidence Provides that the United States Failure to Record the Issuance of the Notice Required by IRC §§ 6320/6330 is Affirmative Proof that Notice was not Sent.</u>

The United States testified that the mailing of the Notice required by IRC §§ 6320/6330 was to be recorded in its IDRS system and was not. The certifications which are included with the United States Exhibits meet the requirements of Rule 803(6) of the Federal Rules of Evidence as admissible records.

In <u>Kaiser Aluminum & Chemical Corp. v. Illinois Central Gulf Railroad Co.</u>, 615 F.2d 470 (8th Cir.1980) Kaiser Aluminum & Chemical Corporation ("Kaiser") brought suit alleging that bauxite ore had been damaged while in the custody of Illinois Central Gulf Railroad Company ("ICG"). ICG introduced evidence that its normal business practice was to clean its railroad cars and retain a record of the cleaning. It did not introduce any records of the cleaning of the subject railroad cars. The Court in considering this information held as follows:

> Although the ICG introduced testimony that its normal business practice was to inspect and clean its cars and to retain a record of this information, no such records were introduced into evidence. Kaiser contends that the nonoccurrence or nonexistence of any cleaning or inspection of these cars may be presumed under *Rule 803(7) of the Federal Rules of Evidence*. We agree. *Rule 803(7)* provides that evidence of the absence of an entry in records regularly kept is admissible as affirmative proof of the nonoccurrence or nonexistence of a matter normally recorded.

The failure of the United States to record the sending of the Notice required by IRC §§ 6320/6330 is affirmative proof that notice was not sent.

### iii. The United States Has Made a Binding Admission That it Cannnot Prove That it Sent the Letters.

In her testimony, Laura Martin, the United States designee, admitted that the United States has no proof of what was sent to the Haags in November of 2003. This admission is binding. Should the United States object to such a conclusion, a binding admission during a deposition conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure is considered a risk of litigation. Please see In re Puerto Rico Electric Power Authority, 687 F.2d 501 (1st Cir. 1982).

### iv. A Presumption Properly Arises That Had the United States Produced John Keach And/or Robert Murphy That Their Testimony Would Be Unfavorable.

"The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if

9

produced it would be unfavorable." <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1665 (1946), <u>aff'd</u>. 162 F.25 513 (10th Cir. 1947) and <u>McKay v. Commissioner</u>, 886 F.2d 1237 (9th Cir. 1989).

While the aforementioned rule has been applied to trial testimony, the Haags respectfully request that the Court note that the United States represented to the Court that Mr. Murphy and Mr. Keach could be made available. The United States did not provide either of Mr. Murphy or Mr. Keach. The United States was fully aware that the issue of whether the Letters were sent in November of 2003 was at issue. The United States designee testified that Mr. Keach had knowledge of the alleged issuance of notice. A presumption properly arises against the United States.

IV.  <u>Conclusion</u>

The United States did not send the note required by IRC §§ 6320/6330 to the Haags in November of 2003.

                                      Kathleen Haag
                                      Robert Haag
                                      by their Attorney

                                    <u>/s/ Timothy Burke</u>
                                    Timothy J. Burke
                                    Burke & Associates
                                    400 Washington Street
Dated: July 24, 2006            Braintree, MA 02184
                                    (781) 380-0770

**Certificate of Service**

    I hereby certify that a true copy of the above document was served upon the following attorneys by the Court's electronic filing system on this July 24, 2006.

Mr. Richard Ambrow
US Dept of Justice-Tax Division
Civil Trial Section, Northern Region
PO Box 55
Ben Franklin Station
Washington, DC 20044

Richard J. Cohen
Law Offices of Richard J. Cohen, Esq., P.C.
1185 Falmouth Road
Centerville, MA 02632

                                        /s/ Timothy J. Burke
                                        Timothy J. Burke