1

1                    UNITED STATES DISTRICT COURT

2                    DISTRICT OF mASSACHUSETTS

3    --------------------------------
     THE UNITED STATES OF AMERICA    :    Civil Action:
4                                    :    No. 02-12490-REK and
                     V.              :    No. 04-12344-REK
5                                    :    1 Courthouse Way
     ROBERT HAAG and KATHLEEN HAAG   :    11:00 a.m., Thursday
6    --------------------------------     December 15, 2005
     ROBERT HAAG and KATHLEEN HAAG   :
7
                     V.              :
8
     INTERNAL REVENUE SERVICE        :
9
     --------------------------------

10

11

            Before: THE HONORABLE ROBERT E. KEETON
12
                 UNITED STATES SENIOR DISTRICT JUDGE
13

14

15   APPEARANCES:

16   Stephen J. Turanchik, Esquire,
       U.S. Department of Justice, P. O. Box 55,
17     Ben Franklin Station, Washington, DC 20044
       on behalf of the Government.
18
     Burke & Associates,(by Timothy J. Burke, Esquire),
19     400 Washington Street - Suite 303, Braintree, MA 02184,
       on behalf of Robert Haag and Kathleen Haag.
20

21

22
                        Marie L. Cloonan
23                     Federal Court Reporter
                   1 Courthouse Way - Room 7200
24              Boston, MA  02210- 617-439-7086
            Mechanical Steno - Transcript by Computer
25

2

1                THE CLERK: Civil Action Nos. 02-12490-REK and

2  04-12344-REK United States v. Robert Haag and Kathleen

3  Haag, and Robert Haag and Kathleen Haag v. The Internal

4  Revenue Service of the United States.

5            Will the attorneys please stand and state their

6  names.

7            MR. TURANCHIK:  Good morning, your Honor, Steve

8  Turanchik on behalf of the United States.

9            MR. BURKE:  Good morning, your Honor Tim Burke on

10  behalf of the Haags.

11           THE COURT:  Are you ready for a hearing on the

12  pending motions?

13           MR. TURANCHIK:  Yes, your Honor.

14           MR. BURKE:  Yes, your Honor.

15           THE COURT:  All right, Ill hear you.

16           MR. TURANCHIK:  Your Honor, the United States has

17  filed both a Motion for Summary Judgment and a motion to.

18  Dismiss certain counts in the Haags' complaint that is

19  moot.  I think it's going to be easier for me to present

20  these first as the Motion for Summary Judgment and then as

21  the Motion to Dismiss.

22           The first case that was filed is United States v.

23  Haag, and that's 02-12490 case.  In that case The United

24  States is seeking a money judgment against Robert and

25  Kathleen Haag for unpaid taxes for 1985 through '91, and

3

1   the year 1993.  In the Motion for Summary Judgment the

2   United States has set forth sufficient allegations that an

3   assessment was made, notice was given to the Haags and a

4   balance of about $1.8 million remains unpaid. The Haags'

5   opposition through statement of facts or statement of

6   uncontested facts, Paragraphs 1 through 12, the Haggs do

7   not contest.  There doesn't seem to be any argument that

8   the Haags are liable for over $1.8 million dollars as of

9   October 31st of this year.

10        I believe the Haags' only argument has already

11   been resolved by this Court.  That was earlier in this case

12   Kathleen Haag had raised the innocent spouse defense.  Your

13   Honor in an earlier decision found that that defense was

14   out of time, that it was time barred, that she should have

15   raised it before and by the time it came into this

16   proceeding it was too late.  So with regard to the United

17   States' Motion for Summary Judgment in the 2002 case, there

18   doesn't seem to be any dispute that the Haags are liable

19   for $1.8 million.

20        The United States has also filed for summary

21   judgment with regard to the 2004 case.  In that case the

22   Haags are seeking a variety of relief all relating to the

23   perceived failure by the Internal Revenue Service to

24   provide the Haags with notice of a Collection Due Process

25   hearing.  When, actually, during the 2002 case the IRS

4

1  filed, we filed a notice of Federal tax lien in November of

2  2003.  At that time the IRS should have issued the Haags a

3  Collection Due Process notice.

4          Originally the United States couldn't find any

5  record that a Collection Due Process Notice had been issued

6  and that would provide the Haags with a CDP, a Collection

7  Due Process, hearing in front of the IRS.  When I had

8  obtained the case, which was the last couple of months,

9  your Honor, as I was preparing for summary judgment, I was

10 looking through my file and I happend to see two letters,

11 one to Kathleen Haag and one to Robert Haag.  They are

12 attached as Government Exhibit 14, which are Collection Due

13 Process notices, they are dated November 21st, 2003.  Both

14 letters are virtually the same but for the names that

15 appear on them.

16          They tell the Haags:  This letter is to inform you

17 that we have filed a notice of federal tax lien and this

18 letter will also explain your right to appeal the

19 collection action and how you can get a release of the

20 federal tax lien.  Further, it says, you have the right to

21 a hearing.  You have a right to request a hearing with us

22 to explain this collection action and to discuss your

23 payment method options.  To explain different collection

24 appeal procedures available to you we have enclosed

25 publication No. 1660 Collection Appeal Rights.  These

5

1   letters are the Collection Due Process notices.  I, as the

2   attorney for the government, noticed that there was also

3   certified mail in our administrative files.  We asked the

4   IRS to see if they could find us in their computer files

5   and they have been able to do so.

6          It seems the Haags only defense to this is we

7   don't know what was said.  Yeah, that's my signature, but I

8   don't know what was said.  That is insufficient to defeat a

9   Motion for Summary Judgment.  Conclusory allegations,

10  speculations, are insufficient to defeat a Motion for

11  Summary Judgment.  The defendant of a nonmovant must come

12  forward with specific facts to defeat a Motion for Summary

13  Judgment.  They haven't done so in this case.

14         To the extent there's any prejudice here, that

15  prejudice has inured to the Haags' benefit.  They were

16  entitled to a hearing and they may receive one.  That

17  hearing is still pending, your Honor.  But the meat of the

18  complaint --

19         THE COURT:  They had a hearing?

20         MR. TURANCHIK:   Yes, the hearing has in fact been

21  held and that is the basis for the United States' Motion to

22  Dismiss for motness.  In the Haags --

23         THE COURT:  How do I know the hearing was held?  I

24  understand your argument that the notice was given, but how

25  do I know whether the hearing was held?

6

1          MR. TURANCHIK:  Your Honor, I don't know if I've

2   submitted any evidence by affidavit in that, but I don't

3   believe there's any dispute as to that in this case.

4          MR. BURKE:  If I could jump in for one second.  I

5   don't mean to steal Mr. Turanchik's thunder.  The hearing

6   is ongoing.  In answer to just help the Court, the hearing

7   as it exists now is ongoing.

8          MR. TURANCHIK:  A CDP hearing was held, your

9   Honor, on August 3rd, 2005.  The Haags came into the IRS on

10  August 3rd.  After that meeting, on August 15th the Haags

11  requested a further meeting, that being a manager's

12  conference, with the IRS.  That manager's conference was

13  held on September 7th, 2005.  That still remains opened.

14  But there has not been a resolution to that manager's

15  conference arising in the Collection Due Process hearing.

16  But I should say in the ordinary course of the Collection

17  Due Process hearing if a taxpayer is unhappy with the IRS's

18  determination from that CDP hearing, with regard to income

19  taxes the proper place to appeal that determination is the

20  Tax Court, it's not the U.S. District Court.  So, if they

21  are unhappy as to what happened at the hearing, they have

22  an appeal on it.  It's to the Tax Court.

23          When this gets appealed to the District Court it's

24  on Collection Due Process hearings, or things like

25  withholding taxes or excise taxes.  But with relation to

7

1  income taxes, if the taxpayers aren't happy with what

2  happens at that CDP hearing, that goes to the Tax Court.

3          That's the basis of the United States' motion to

4  dismiss for mootness.

5          The Haags have come in at Counts 1, 3, and 4 of

6  their amended complaint and asked this Court to determine:

7  One, that they are entitled to a hearing; Two, that you

8  issue an injunction ordering the United States to hold a

9  hearing and then issue an order compelling the IRS to hold

10  that hearing.  There is no need for that, there's no need

11  for those orders because the hearing has been held.

12          Even before we get to the Motion to Dismiss for

13  Mootness, I don't believe the Court needs to rule on the

14  Motion to Dismiss for Mootness, because the complaint which

15  the Haags seek, which is they never received a Collection

16  Due Process notice in November of 2003, it doesn't stand up

17  to the evidence.  The facts presented in this court show

18  the Haags did receive a Collection Due Process notice.  But

19  that was then.

20          By the time we get to 2005, they weren't even

21  entitled to one.  The IRS gave them one but they weren't

22  entitled to one.  The courts would not order something for

23  the Haags that they were not entitled to.  So, your Honor,

24  I would ask you to first grant the United States' motion in

25  regard to the dollar amount of the Haags' tax liability,

8

1   but also certiorari judgment that the facts underlying the

2   Haags' complaint aren't borne out by the evidence adduced

3   and presented to this court by the United States.  Thank

4   you, your Honor.

5            MR. BURKE:  At the outset, your Honor, where we

6   stand with the first question of summary judgment in the

7   amount of money, there is no dispute as to the amount of

8   money.  We did not dispute that in the ongoing CDP hearing

9   and there is no intention to dispute the amount of money

10  that the government alleges as being owed.  There is a

11  tremendous dispute of facts relative to this CDP notice.

12            What has happened in this Court is that I think

13  maybe a year or two years ago -- time matches on -- the

14  Court ruled against Mrs. Haag's claim to be an innocent

15  spouse.  As far as that process, it was discovered that the

16  United States government had not granted her Collection Due

17  Process rights.  We filed a complaint.  The government

18  answered the complaint saying they did not provide her with

19  a notice.  Attached to both Mrs. Haag's -- to the

20  government's, opposition to Mrs. Haags's request for

21  summary judgment as well as, I believe to Exhibits 5

22  through 12 of the government's motion here.  There is

23  another record of the Service's accounting.  There is a

24  record in here of Collection Due Process notices.  There is

25  not a single reflection of that notice.  So what we have

9

1    here is the government -- a new attorney on the case coming

2    forward and saying, "I have newly discovered evidence."

3    It's inconsistent with their own evidence which they filed

4    under the pains and penalties of this court.  It's

5    inconsistent, it's not in their records.  It's also

6    inconsistent with their answers to the complaint.

7          THE COURT:  Now, it appears of record that their

8    earlier position was mistaken, then the fact that the two

9    are inconsistent is obvious but the inconsistency doesn't

10   mean that the Court is not authorized to accept and find

11   that the earlier position was incorrect and they had a

12   obligation to the Court to correct it.

13         MR. BURKE:  Thank you, your Honor, I appreciate

14   that.  Because what we have here is a record, an Internal

15   Revenue Service record which is inconsistent with the

16   position being maintained today.  This is before the Court.

17   This document -- There are transcripts in the record, on

18   both cases, even though it's consolidated as a single case,

19   which belies the position that he has taken.

20         THE COURT:  Well, in what respect?

21         MR. BURKE:  In these records, these are

22   transcripts of the account.  They include -- indeed, you

23   can correct me if I am wrong -- they include a listing of

24   notices that go to the taxpayers.  In these records there

25   is a reflection of a prior notice, which extraditioned in

10

1   1999 to the taxpayers.  There is no record of any notice

2   being issued at the time he says one was issued.

3           THE COURT:  Now, what time are you talking about

4   now?

5           MR. BURKE:  I don't have it before -- wait a

6   second.  Your Honor, he, Mr. Turanchick, is maintaining

7   that a notice went, out on 11-21 of 2003.  If the Court has

8   the opportunity to look at this, there are pages and

9   pages.  There's no reflection in the Service's own records

10  of a notice being sent out on 11-21 2003.  So what you have

11  is you have the same party to a law suit coming in with

12  inconsistent computer records.  There is no affidavit

13  before the Court where one person says:  I'm the person who

14  generated the numbers; I'm the person who put the notice

15  into the envelope; I'm the person who effectuated the

16  supply of mail.  There is nothing in the record that

17  indicates that.

18          The position of the Haags, your Honor, is there's

19  a very good reason for that because it probably didn't

20  happen.  It may have happened.  There's a possibility it

21  may have happened.  They may be telling the truth.  They

22  may have made a great error here, but we don't know that.

23  There is an inconsistency here, there is a fact in

24  dispute.  The fact in dispute here is generated not through

25  some self-serving --

11

1          THE COURT:  What evidence are you going to have on

2     that fact in dispute?

3          MR. BURKE:  What we're going to have to do your

4     Honor -- this is not appropriate for summary judgment.

5     What we're going to have to do is request the Court to

6     allow us to depose these people.  Who did this?  This is

7     new evidence.  This is late in the case evidence.  What has

8     happened here, and I don't want to digress from my point,

9     but what has happened here is we filed a complaint.  The

10    Service agreed we were right.  They issued a subsequent

11    notice, they issued another notice on April 13th of this

12    year.  So they issue another notice.  They're saying it's

13    another notice.  We're saying it's the first notice.  After

14    that notice, an appropriate appeal was filed.  And the

15    hearing as of this date is ongoing.  As a matter of fact

16    part of the hearing --

17         THE COURT:  Now, what happens when that hearing is

18    completed?

19         MR. BURKE:  What happens there is the hearing it

20    has a couple of components.  One is you meet with the

21    Internal Revenue Service and in this case an offer of

22    compromise will be filed, which is part of the Collection

23    Due Process.

24         THE COURT:  Will be but has not been?

25         MR. BURKE:  It is in discussion, your Honor.  What

_
12

 1  has happened here -- I don't want to jump around but I will

 2  discuss the mootness issue.  When a notice was first filed

 3  there was a dispute which was resolved as to whether or not

 4  the hearing could be held within the Internal Revenue

 5  Service.  That was resolved favorably for the taxpayer.

 6  Then, when the hearing was held, we requested it be held

 7  pursuant to the statute, a request for innocent spouse

 8  relief for Mrs. Haag.  That issue is still open.  What has

 9  also happened by agreement -- it's not in the record but I

10  happen to know --

11          THE COURT:  Isn't that an issue I ruled on?

12          MR. BURKE:  No.  But there is a separate action.

13  Your ruling -- there's three ways to get innocent spouse

14  relief under the Internal Revenue code:

15          One is an affirmative defense in front of the

16  United States Tax Court;

17          One is a stand-alone petition under the Internal

18  Revenue Code 6050;

19          And the third is under Section 6320 and 6330,

20  which is Collection Due Process rights.

21          The key issue here with the Collection Due Process

22  rights are that it is the Haags' position that that section

23  revives their right to file.  The Court has ruled that they

24  don't have the right to file the innocent spouse request.

25  That section more than arguably revives their right to file

_
13

1  an innocent spouse request.  So that request can be filed

2  with a CDP hearing.  That's a legal issue that frankly

3  would not be resolved by this Court.  It would likely be

4  resolved by the United States Tax Court if we don't come to

5  a conclusion through the CDP hearing.  I apologize to the

6  Court --

7        THE COURT:  Well if that's the case, why shouldn't

8  I get rid of the cases here because it would not be my

9  jurisdiction to resolve the dispute that remains, it will

10  be the Tax Court.

11        MR. BURKE:  No, that is not entirely true.  What

12  would happen here is that what the government would argue

13  -- and this relates to the mootness issue also.  There are

14  two arguments here, one being summary judgment and one

15  being mootness.  If the Court has the opportunity and you

16  read the procedural history of the case as presented in our

17  papers, the government has put in every possible impediment

18  that they can for the Haags to have a fair administrative

19  hearing.  Should the Court rule that -- if summary judgment

20  should issue here, the government will simply come in and

21  argue that they weren't entitled to a CDP hearing.  We made

22  another mistake.  Sorry, you lose your rights, you lose

23  your chance to go to the tax court, you lose your chance to

24  get innocent spouse relief from the United States Tax

25  Court.  So that is what's happened here.

14

1          But it's not a moot issue at this point.  What

2    would happen ultimately, the way the procedures work, is

3    that at some point the Department of Justice, the way the

4    statute works, the Department of Justice, this gentleman,

5    actually, has to decide what is the fair offer of

6    compromise in this case.

7          If we disagreed, if counsel disagrees and the

8    Haags and the United States disagrees as to what a fair

9    amount is, that issue actually goes back to the IRS, in

10   front of the IRS, if they agree with the Department of

11   Justice, that issue would go to the United States Tax

12   Court.

13   But the pivotal factor in this case and the only issue

14   I believe before the Court, as I see it, is that we filed a

15   complaint.  The government did as it should have done under

16   the statute, it granted them a hearing.  It now comes in --

17   it claims evidence, evidence that doesn't meet any kind of

18   standard as being beyond the material dispute, because it

19   isn't supported by personal knowledge of anybody who

20   allegedly mailed these letters, so it doesn't make the

21   requirement of being a fact in disput.  Again, his entire

22   case turns on this evidence which he alleges he discovered

23   in a file.

24          THE COURT:  How do you propose we should proceed

25   at this point?

15

1          MR. BURKE:  What I suggest to the Court is if the

2     government wishes to aggressively maintain that it has made

3     a series of errors and then it made an error in granting

4     these parties a CDP hearing, then we're going to have to

5     take depositions of all the parties involved in the notice.

6     If --

7          THE COURT:  Now, you're putting an "if" there.

8          MR. BURKE:  What would I like you to do?

9          THE COURT:  What do you propose I do right now?

10         MR. BURKE:  I don't know.

11         THE COURT:  No if's or and's or buts.  What do you

12     propose I do right now?

13         MR. BURKE:  I respectfully request, your Honor,

14     due to the dispute over the facts of this mailing, that the

15     Court deny the Motion for Summary Judgment as to the issue

16     --

17         THE COURT:  I may just not rule on it.

18         MR. BURKE:  Okay.

19         THE COURT:  What do you propose I do right now,

20     what order?

21         MR. BURKE:  Oh, I would request the Court does not

22     rule on the Motion for Summary Judgment.  That I be granted

23     60 days to do some additional discovery in this case.

24         THE COURT:  What discovery do you want to do that

25     could possibly make a difference in the case?

16

```
 1            MR. BURKE:  The specific discovery I would like to

 2   do is to do discovery to ascertain the exact history --

 3            THE COURT:  What discovery?

 4            MR. BURKE:  Presumably depositions of the United

 5   States government and it's employees who in any way know

 6   anything about this newly discovered evidence.  I don't

 7   want any other discovery, just this document dated --

 8            THE COURT:  All right, all right.

 9            MR. BURKE:  -- November 21, 2003.

10            THE COURT:  All right.  When do you want, to do

11   whatever you want to do?  You say you want to take a

12   deposition.  Whose deposition?

13            MR. BURKE:  What I said, being in the nature of a

14   30(b)(6) deposition.

15            THE COURT:  All right.  When, what date?

16            MR. BURKE:  Within the next 60 days.

17            THE COURT:  What date do you propose?  I want to

18   set the date right now.

19            MR. BURKE:  If I could have one second, your

20   Honor, to grab my phone which has my schedule.

21            THE COURT:  All right.

22            MR. BURKE:  January 10th?

23            MR. TURANCHIK:  That's fine.

24            MR. BURKE:  January 10th your Honor?

25            MR. TURANCHIK:  Your Honor, the difficulty with a
```

17

1  30(b)(6) deposition is that invariably evidence that

2  Mr. Burke is seeking has been discovered by me, government

3  counsel, and I don't think he can take the deposition of

4  government counsel.  I may --

5          THE COURT:  Now, now, now, then you will have to

6  step out of the case and let somebody else step in and

7  assess this situation.

8          MR. TURANCHIK:  Fair enough, your Honor.

9          THE COURT:  You can't escape having the

10  deposition.  He has a right to the deposition by saying --

11          MR. TURANCHIK:  I will be happy to, your Honor.

12          I will mention this Monday, this past Monday I

13  filed a supplement to United States Motion for Summary

14  Judgment, which was a declaration from the Internal Revenue

15  Supervisor Rae Shepardson.  She is located up in Vermont

16  but she is assigned the Haags' case.  She has testified as

17  to having knowledge of the IRS computer system.  That on

18  the computer system she accessed these letters that were

19  sent out and was able to print them out.

20          MR. BURKE:  Your Honor --

21          MR. TURANCHIK:  Your Honor, that would be

22  sufficient if at trial a question came into admissibility

23  of these two documents.  I have already submitted, I

24  believe, the required affidavit to get these documents into

25  evidence.

18

1          MR. BURKE:  Your Honor, I have to speak to this

2    affidavit.  First of all, I got this affidavit this

3    morning.  As I told the Court last week, I was in New York

4    for the last three days.  This came on my desk this

5    morning.  Under the local rules when you file anything with

6    the Court you are supposed to notify opposing counsel.  He

7    hasn't done that.  There's no motion to supplement as

8    alleged in the Motion for Summary Judgment, that isn't here

9    either.  So what he did is he filed this thing which

10   doesn't specifically say that I know this letter went out,

11   if you get a chance to read it.

12          What he did is he filed this thing basically with

13   my office this morning because I didn't get it until this

14   morning, with information which still doesn't get him over

15   the requirement for a fact line dispute.  This document

16   shouldn't be before the Court.  In fact an appropriate

17   motion in limine will be filed tomorrow.  This evidence

18   entirely discounts -- it doesn't comply with the local

19   rules, it doesn't comply with anybody.

20          THE COURT:  That's simply a request for a delay.

21   I'm going to set the 30(b)(6) deposition.

22          MR. BURKE:  Thank you, your Honor.

23          THE COURT:  If you want this person to be present

24   for the 30(b)(6) deposition and somebody else as well, just

25   say so right now.

19

1          MR. BURKE:  The people I want at the deposition,

2   your Honor, would be any person within the Internal Revenue

3   Service or the Department of Justice who has knowledge,

4          THE COURT:  Identify any persons you think have

5   knowledge.

6          MR. BURKE:  Well, the first person I think has

7   knowledge happens to be Mr. Turanchik, but the other --

8   this letter -- the perplexity with this -- This isn't

9   signed.  There's no person on this alleged notice.  There's

10  no name on it.

11         THE COURT:  What notice are you holding up now?

12         MR. BURKE:  The notice he says provides them basis

13  for having this case dismissed.  There's no signature on

14  the letter.

15         THE COURT:  Well, again, you may have to get

16  subpoenas but I'm authorizing you to take the depositions.

17         MR. BURKE:  Okay.  Can we bring in Rae Shepardson,

18  your Honor?

19         MR. TURANCHIK:  The problem I have here is that

20  the two people involved in the case have retired.  I can

21  certainly with the Court's approval bring them in.  We have

22  one person who's issued the notice.

23         THE COURT:  You may bring in whomever you wish --

24         MR. BURKE:  Okay.

25         THE COURT:  -- if you get the appropriate service

20

1  of a subpoena to get the person to appear at whatever place

2  is appropriate service of the subpoena to get the person to

3  appear at whatever place is appropriate that I am

4  authorizing.  That's so stipulated --

5          MR. TURANCHIK:  Thank you, your Honor.

6          THE COURT:  -- and I accept the stipulation and so

7  rule.

8          MR. TURANCHIK:  Thank you, your Honor.

9          THE COURT:  All right, anything else we can do

10  today?

11          MR. TURANCHIK:  No, your honor.  Thank you.

12          MR. BURKE:  Thank you.

13          THE COURT:  All right, we will be in recess.

14  (Whereupon the Hearing was concluded.)

15

16

17

18

19

20

21

22

23

24

25

21

```
1
2                            CERTIFICATE
3
4          I, Marie L. Cloonan, Official Reporter of the
5    United States District Court, do hereby certify that the
6    foregoing transcript, from Page 1 to Page 20, constitutes
7    to the best of my skill and ability a true and accurate
8    transcription of my stenotype notes taken in the matter of
9    Civil Action No. 02-12490-REK and No. 04-12344-REK, The
10   United States v. Robert Haag and Kathleen Haag and Robert
11   Haag and Kathleen Haag v. The Internal Revenue Service.
12
13
14
15   -------------------------------
16
17
18
19
20
21
22
23
24
25
```

—
&&&&&&&&&

| | CsX6fb4W2Br | 9812_1180040_: | | | |
|---|---|---|---|---|---|
| Inbox | | | | Please enter a na | |

DeleteReplyForwardSpamMove...
Previous | Next | Back to Messages | Save Message Text | Full Headers

C
h
e
c
k

M
a
i
l

C
o
m
p
o
s
e

| | | message | Search MailSearch the Web |

**Move Options**
- [New Folder]

**Forward Options**
- As Inline Text
- As Attachment

**Reply Options**
- Reply To Sender
- Reply To Everyone

♧
**Mail Shortcuts**

♧
- Check Mail Ctrl++C
- Compose Ctrl++P

♧

♧
- Folders Ctrl++F
- Advanced Search Ctrl++S

♧
- Options
- Help Ctrl++H

**Address Book Shortcuts**
- Add Contact
- Add Category
- Add List
- View Contacts
- View Lists
- Quickbuilder
- Import Contacts
- Synchronize
- Addresses Options
- Addresses Help

**Calendar Shortcuts**
- Add Event
- Add Task

- Add Birthday
- Day
- Week
- Month
- Year
- Event List
- Reminders
- Tasks
- Sharing
- Synchronize
- Calendar Options
- Calendar Help

**Notepad Shortcuts**

- Add Note
- Add Folder
- View Notes
- Notepad Options
- Notepad Help

**Advanced Search**

- Advanced Search

Copyright © 1994-2006 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy -
Guidelines - Ad Feedback
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

**Error! Filename not specified.Error! Filename not specified.Error! Filename not specified.**
**Error! Filename not specified.**
**Error! Filename not specified.Error! Filename not specified.Error! Filename not specified.**
**Error! Filename not specified.**